Jonathan Gardner (admitted *pro hac vice*)
Alfred L. Fatale III (admitted *pro hac vice*)
Joseph N. Cotilletta (admitted *pro hac vice*)
Beth C. Khinchuk (admitted *pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: jgardner@labaton.com
      afatale@labaton.com
      jcotilletta@labaton.com
      bkhinchuk@labaton.com

*Class Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, | Case No.: 3:19-cv-06361-RS |
| Plaintiff, | **FINAL ORDER AND JUDGMENT** |
| v. | |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

**WHEREAS:**

A. Lead Plaintiff Boston Retirement System and Class Representatives David Messinger, Salvatore Toronto acting on behalf of the Ellie Marie Toronto ESA, and Irving S. and Judith Braun ("Class Representatives"); additional named plaintiff Joseph Cianci ("Cianci," together with Class Representatives, "Plaintiffs"), on behalf of themselves and all other members of the certified Class, on the one hand, and Uber Technologies, Inc. ("Uber" or the "Company"); Dara Khosrowshahi, Nelson Chai, Glen Ceremony, Ronald Sugar, Ursula Burns, Garrett Camp, Matt Cohler, Ryan Graves, Arianna Huffington, Travis Kalanick, Wan

1  Ling Martello, Yasir Al-Rumayyan, John Thain, and David Trujillo (the "Individual
2  Defendants" and with Uber, the "Uber Defendants"); and Morgan Stanley & Co. LLC,
3  Goldman Sachs & Co. LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays
4  Capital Inc., Citigroup Global Markets, Inc., Allen & Company LLC, RBC Capital Markets,
5  LLC, SunTrust Robinson Humphrey, Inc. (now known as Truist Securities, Inc.), Deutsche
6  Bank Securities Inc., HSBC Securities (USA) Inc., SMBC Nikko Securities America, Inc.,
7  Mizuho Securities USA LLC, Needham & Company, LLC, Loop Capital Markets LLC,
8  Siebert Cisneros Shank & Co., L.L.C., Academy Securities, Inc., BTIG, LLC, Canaccord
9  Genuity LLC, CastleOak Securities, L.P., Cowen and Company, LLC, Evercore Group L.L.C.,
10 JMP Securities LLC, Macquarie Capital (USA) Inc., Mischler Financial Group, Inc.,
11 Oppenheimer & Co. Inc., Raymond James & Associates, Inc., William Blair & Company,
12 L.L.C., The Williams Capital Group, L.P., and TPG Capital BD, LLC (the "Underwriter
13 Defendants" and, together with Uber and the Individual Defendants, the "Defendants"), have
14 entered into the Stipulation and Agreement of Settlement, dated July 19, 2024 (the
15 "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in
16 the Action on the terms and conditions set forth in the Stipulation, subject to the approval of
17 this Court (the "Settlement");

18    B.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the
19 Court previously certified a class of: all persons and entities that purchased or otherwise
20 acquired Uber's publicly traded common stock pursuant and/or traceable to the Offering
21 Documents for Uber's IPO (as defined in the Second Amended Class Action Complaint (ECF
22 No. 137)), and who were damaged thereby, *i.e.,* those who purchased during the Traceability
23 Period, except for those excluded by definition or request. Excluded from the Class, by
24 definition, are: (i) Defendants and the Individual Defendants' immediate family members; (ii)
25 the officers, directors, affiliates, and subsidiaries of Uber and the Underwriter Defendants, at
26 all relevant times; (iii) Uber's affiliates and employee retirement and/or benefit plan(s) and
27 their participants or beneficiaries to the extent they purchased or acquired Uber common stock
28 pursuant or traceable to the Offering Documents through any such plan(s); (iv) any entity in

1  which Defendants have or had a controlling interest; and (v) the legal representatives, heirs,
2  successors, or assigns of any such excluded person or entity.  Also excluded from the Class is
3  any person or entity that requested exclusion from the Class in connection with the previously
4  issued Class Notice or whose request is otherwise allowed by the Court, if any.  However, any
5  "Investment Vehicle" shall not be excluded from the Class.  Investment Vehicle is defined as
6  "any investment company or pooled investment fund, including, but not limited to, mutual
7  fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriter
8  Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which
9  its affiliates may act as an investment advisor, but in which any Underwriter Defendant alone,
10 or together with its respective affiliates, is not a majority owner or does not hold a majority
11 beneficial interest."  A list of all Class Members that requested exclusion, whose requests are
12 allowed by the Court, is attached hereto as Exhibit A.

13   D. Pursuant to the Order Granting Preliminary Approval of Class Action
14 Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final
15 Approval of Settlement, entered August 9, 2024 (the "Preliminary Approval Order"), the Court
16 scheduled a hearing for December 5, 2024 at 1:30 p.m., which was subsequently changed by
17 the Court to December 4, 2024 at 9:30 a.m. (the "Settlement Hearing") to, among other things:
18 (i) determine whether the proposed Settlement of the Action on the terms and conditions
19 provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the
20 Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered;
21 and (iii) rule on Class Counsel's Fee and Expense Application;

22   E. The Court ordered that the postcard notice of the proposed Settlement and Fee
23 and Expense Application (the "Settlement Postcard"), substantially in the form attached to the
24 Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, on or
25 before ten (10) business days after the date of entry of the Preliminary Approval Order (the
26 "Notice Date") to all potential Class Members who could be identified through reasonable
27 effort, and that the Summary Notice of the proposed Settlement and Fee and Expense
28 Application (the "Summary Notice"), substantially in the form attached to the Preliminary

Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date; and that the long-form Notice of Proposed Class Action Settlement and Motion for Attorney's Fees and Expenses ("Settlement Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, be posted on the website previously developed by the Claims Administrator, from which copies of the long-form Settlement Notice and Claim Form can be downloaded;

F. The notices advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing. The notices further advised that any objections to the Settlement were required to be filed with the Court on or before November 14, 2024;

G. The provisions of the Preliminary Approval Order as to notice were complied with;

H. As required by the Preliminary Approval Order, Class Representatives moved for final approval of the Settlement. The Settlement Hearing was duly held before this Court on December 4, 2024 at which time all interested Persons were afforded the opportunity to be heard; and

I. This Court has duly considered Class Representatives' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement at the Settlement Hearing;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. **Incorporation of Settlement Documents.** This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on July 19, 2024; and (ii) the Settlement Notice and Settlement Postcard, which were filed with the Court on July 19, 2024. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Class Members.

3. **Notice.** The Court finds that the dissemination of the Settlement Notice, Settlement Postcard, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Class Counsel's request for payment of attorneys' fees and expenses incurred in connection with the prosecution of the Action, of Class Members' rights to object thereto and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7).

4. Uber has provided notification regarding the Settlement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

5. **Objections**. There have been no objections to the Settlement.

6. **Final Settlement Approval and Dismissal of Claims**. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement and finds that in light of the benefits to the Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Class Representatives and Class Counsel have adequately represented the Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule

23(e)(3); and (d) the proposed Plan of Allocation treats Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

7. The Second Amended Class Action Complaint for Violations of the Federal Securities Laws, filed on May 14, 2021, is dismissed in its entirety, with prejudice, as to the Class Representatives and other Class Members, and as against each of the Defendants, and without costs to any Party, except as otherwise provided in the Stipulation.

8. **Rule 11 Findings**.  The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9. **Releases.**  The releases set forth in paragraphs 3 and 4 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.

10. Upon the Effective Date of the Settlement, Plaintiffs and each and every other Releasing Plaintiff Party, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

11. Upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed, with prejudice, each and every one of the Released Defendants' Claims against each and every one of

the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding, in any forum, asserting any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

12. Notwithstanding paragraphs 10-11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. **Binding Effect.** Each Class Member, whether or not such Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation and paragraph 10 above. The Persons listed on Exhibit A hereto are excluded from the Class pursuant to request and are not so bound.

14. **No Admissions**. This Judgment and the Stipulation, whether or not consummated or Final, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements (including the Term Sheet), shall not be offered or received against or to the prejudice of the Parties or their respective counsel for any purpose other than to enforce the terms hereof, and in particular, but without limitation:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Plaintiffs and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendants or any person or entity whatsoever, or of any infirmity in any defenses of Defendants;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence, or a presumption, concession, or admission of any fault, misrepresentation, or omission with respect

to any statement or written document approved or made by Defendants, or against or to the prejudice of Plaintiffs, or any other member of the Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Class;

    (c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, any other member of the Class, or their respective counsel, as evidence of, or a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than as may be necessary to effectuate the provisions of this Stipulation;

    (d) do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Plaintiffs, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

    (e) do not constitute, and shall not be construed as or received as evidence of or as an admission, concession, or presumption against Plaintiffs, or any other member of the Class, that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

  15. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

  16. **Termination of the Settlement**.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 44 of the Stipulation.

17. **Modification of the Stipulation.**  Without further approval from the Court, Class Representatives and Defendants are hereby authorized, upon written agreement of all Parties to the Stipulation, to adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. **Fee Order and Order on Plan of Allocation**.  A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

19. **Retention of Jurisdiction.**  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

20. **Entry of Final Judgment.**  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

21. **Post-Distribution Accounting**: Within 21 days after the settlement is fully distributed according to the plan of allocation, the parties shall file a Post-Distribution Accounting and post it on the settlement website. The parties should utilize this district's Post-Distribution Accounting Form, attached to this order.

SO ORDERED on December 4, 2024.

_____
THE HONORABLE RICHARD SEEBORG
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## List of Persons and Entities Excluded from the Class Pursuant to Request

1. Benjamin E and Kathleen M Ramp Living Trust – Geneseo, IL
2. Maskin Rozentsveyg – Brooklyn, NY
3. Anna W Gehman – Annville, PA
4. Nisha Abdallah – Dearborn, MI
5. Judith L. Wrigley – Elgin, IL
6. Paula Shakti Biskamp – Coppell, TX
7. Kishan Amin or Lal Maharaj – Pellham, AL
8. Kishan Amin or Lal Maharaj – Pellham, AL
9. Teo Sze Ling – Singapore
10. Madison Anderson (Hunsicker) – Parma, OH
11. Malcom Welch Trust dated 11/1/2000 – Jacksonville, TX
12. Malcom Welch Trust dated 11/5/1991 – Jacksonville, TX
13. Spencer Stendel – Portland, OR
14. Jack Alexandrou – Floral Park, NY
15. Jonathan D Sato – Campbell, CA
16. Jonathan D Sato – Campbell, CA
17. Janet Pang and Jim Koh – Singapore
18. Roberto Oscar Suarez –
19. Jagjit Singh – Huntingdale, WA